# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHARLENE JONES-BUSH,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-22-0525-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　　Agency. | DATE: May 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Andrew R. Young, Esquire, and Jacquelyn Trevino, Esquire, Houston, Texas, for the appellant.

David L. Mannix, Falls Church, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant started her employment with the agency on March 24, 1992, in a nonappropriated fund instrumentality (NAFI) position. Initial Appeal File (IAF), Tab 4 at 5, Tab 8 at 10. On July 25, 1993, she was appointed to a career-conditional position as a GS-3 Information Receptionist. IAF, Tab 8 at 38.[2]

On March 31, 2022, she retired from the agency as a GS-7 Clinical Staff Services Assistant. *Id.* at 50. According to the appellant, prior to her retirement, an agency Human Resources (HR) Specialist verified that she had 30 years of Federal service, had reached the minimum retirement age, and was allowed to retire on March 31, 2022. IAF, Tab 4 at 5, 44, 69-70, 83-88. The appellant had also received a Certificate of Service, a Presidential Letter of Appreciation, a retirement flag, and a 30-year pin recognizing her 30 years of Federal service. *Id.* at 5-6, 56. Therefore, believing she had 30 years of creditable service, the appellant submitted her retirement application to the Office of Personnel Management (OPM) in November 2021, retiring on March 31, 2022. *Id.* at 8; IAF, Tab 8 at 50. However, in July 2022, OPM informed the appellant that she only had 28 years of creditable service, and therefore, she would receive an age reduction penalty and would lose her annuity supplement because she had not reached 30 years of creditable service.[3] IAF, Tab 4 at 8, 62.

The appellant then filed this involuntary retirement appeal, alleging that she relied on the agency's misrepresentation that she had reached the minimum age and had 30 years of creditable Federal service. IAF, Tab 1. The administrative judge issued a jurisdictional order informing the appellant that the Board may not have jurisdiction over her involuntary retirement claim, setting

---

[2] The appellant does not dispute the veracity of the Standard Form 50s submitted by the agency, and thus we rely on them for the limited purpose of establishing the dates of relevant personnel actions.

[3] It appears that the appellant was not vested in her NAFI service. IAF, Tab 4 at 32-33, 51-53.

forth the applicable legal standard, and providing her with an opportunity to present evidence or argument to establish a nonfrivolous allegation of jurisdiction. IAF, Tab 3. The appellant responded to the order, as did the agency. IAF, Tabs 4, 8.

Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). Citing to a declaration submitted by the agency, the administrative judge determined that, in order to find a nonfrivolous allegation of jurisdiction, he would be required to "assume someone in the local command human resources office provided advice contrary to [the Assistant Department Head's] assertion that her office does not verify NAFI service, and require that [he] assume the appellant relied on that advice." ID at 8-9. The administrative judge then found that, without a declaration or affidavit from the appellant,[4] she had failed to nonfrivolously allege that her belief that she had 30 years of creditable service was the result of the agency's misrepresentation. ID at 9. Thus, he found that she did not make a nonfrivolous allegation of jurisdiction sufficient to support a hearing request. *Id.*

The appellant has filed a petition for review, reiterating that she was misled by the agency because it informed her that she could retire on March 31, 2022, because she had reached the minimum retirement age and had 30 years of creditable service. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee-initiated action, such as retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010). However, an involuntary retirement is tantamount to a removal and, accordingly, is appealable to the Board. *Id.* The

---

[4] The appellant responded to the administrative judge's jurisdictional order through her designated representative, but did not include an affidavit or declaration in her submission. IAF, Tab 4.

presumption that a retirement is voluntary can be rebutted by evidence showing that the retirement was the result of agency misrepresentation, coercion, or duress. *Id.* When, as here, there is a claim that an involuntary action resulted from misinformation, an appellant must show that: (1) the agency made misleading statements; and (2) the appellant reasonably relied on the misinformation to her detriment. *Id.* The appellant need not show that the agency was intentionally misleading. *Id.*; *Covington v. Department of Health & Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984).

A hearing is required with respect to jurisdictional questions only if the appellant makes a nonfrivolous allegation that, if proved, would establish Board jurisdiction. *Brown v. Department of Defense*, 109 M.S.P.R. 493, ¶ 13 (2008). The question here, therefore, is whether the appellant made a nonfrivolous allegation of an involuntary retirement so as to entitle her to a jurisdictional hearing. A nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020). In assessing whether an appellant has made a nonfrivolous allegation, an administrative judge may consider the agency's documentary submissions. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). However, to the extent that the agency's evidence merely contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence or resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id.*

The administrative judge improperly weighed the evidence in finding that the appellant failed to make a nonfrivolous allegation of jurisdiction. ID at 9. The factual background set forth by the administrative judge relies almost solely on the documents provided by the agency. ID at 4-6. Furthermore, in his analysis, he cited exclusively to the agency's documentation, and used these documents to resolve disputes of fact, for example, whether it was the agency that

informed the appellant that she had 30 years of creditable service. ID at 7-9. The administrative judge impermissibly gave more weight to the agency's evidence than the appellant's evidence, finding that, even though she had responded to his jurisdictional order, because she did not submit a declaration or affidavit, he could not find that she had made a nonfrivolous allegation of jurisdiction. *Id.* However, an appellant is not required to submit a declaration or affidavit at the jurisdictional stage. *See Hessami*, 979 F.3d at 1367 (explaining that the appellant need only submit facially sufficient allegations); *see also Edem v. Department of Commerce*, 64 M.S.P.R. 501, 505 (1994) (explaining that there is no requirement that statements be sworn in order to establish entitlement to a jurisdictional hearing). An appellant need only submit facially sufficient allegations which, taken as true, state a claim plausible on its face.

Here, the appellant alleged that she relied on the agency's misrepresentation of her creditable service and that she unwittingly retired before she reached 30 years of creditable service, thus being subjected to a reduced annuity. IAF, Tab 4 at 5-9. She believed that she had 30 years of creditable service not only based on her communications with the agency, but also because she had received a Certificate of Service, a Presidential Letter of Appreciation, a retirement flag, and a 30-year pin commemorating 30 years of service. *Id.*; PFR File, Tab 1 at 4-11. Furthermore, while the appellant did not attach a declaration or affidavit to her jurisdictional response, she did attach multiple emails from the agency regarding her retirement application seemingly indicating that there was some misunderstanding regarding her creditable years of service. IAF, Tab 4 at 13-102.

Therefore, based on the appellant's submissions, we find that she made factually sufficient allegations which, if taken as true, could show that the agency made misrepresentations regarding her creditable years of service which she reasonably relied on to her detriment. *See Lawson v. U.S. Postal Service*, 68 M.S.P.R. 345, 352-53 (1995) (finding that the appellant's allegation that he

based his decision to retire on the agency's offer of a discontinued service annuity, when he was not eligible for the discontinued service annuity, was sufficient to establish a nonfrivolous allegation of jurisdiction); *Tiffany v. Department of the Treasury*, 48 M.S.P.R. 334, 337-38 (1991) (finding that an appellant's allegation that she based her decision to retire on the agency incorrectly stating that she could not avoid a public pension offset was sufficient to establish a nonfrivolous allegation of jurisdiction). As such, we conclude that the appellant has made a nonfrivolous allegation of Board jurisdiction and is entitled to a jurisdictional hearing. *See Ferdon*, 60 M.S.P.R. at 329.

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:  _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.